### W. H. VENABLE v. EUGENE SCHAFER ET AL.

1. THE WORD "TEACHER" IN ACT 94 O. L. 305 IS NOT RESTRICTED TO THOSE WHO HAVE SPENT THE TIME REQUIRED IN THE PUBLIC SCHOOLS.

   In construing a statute a word should not be given a limited or specialized meaning unless such meaning is made by legislative enactment; hence, in the act of 1900 (94 O. L. 305) relative to the teacher's pension fund, the word "teacher," not being specifically restricted in its meaning, will comprehend within its purview, such instructors as shall have spent a part of the time required in teaching in schools not supported in whole or in part by public taxation.

2. ONE WHOSE NAME IS ON ROLLS FOR TWELVE YEARS BUT WHO DID NOT ACTUALLY TEACH FOR SUCH PERIOD, NOT ENTITLED TO BENEFITS UNDER 94 O. L. 305.

   One whose name was on the teacher's roll of a city school district for twelve years, but who was not actually engaged in teaching therein during all of such period, a substitute having taken his place at one time, will not be entitled to a pension under the act of 1900 (94 O. L. 305) providing for a teacher's pension fund for those who have taught for twenty years, and for twelve years in such district.

3. TEACHERS' PENSION FUND LAW OF 1900 BEING UNCONSTITUTIONAL, EQUITY WILL ENDEAVOR TO PUT PARTIES IN STATU QUO.

   Equity will endeavor to restore everybody who has acted under favor of the provisions of an unconstitutional act of the legislature to their rights and their former *statu quo;* hence the Teachers' Pension Fund Law of 1900, having been declared unconstitutional, one who had paid assessments under its provisions can recover the same with interest, although he has no redress in the way of enforcing the provisions of such act.

[Syllabus approved by the court.]

AGREED CASE.

**E. G. Kinkead** and **C. B. Ellis,** for plaintiff.
**C. J. Hunt,** for defendant.

Venable v. Schafer.

JELKE, J.

This is what is denominated an "agreed case" under Rev. Stat. 5207 to 5209 (Lan. 8716 to 8718). It is submitted to the court by the parties to determine whether or not W. H. Venable is entitled to receive a pension from the School Teachers' Pension Fund, as created and provided for by acts of the legislature, 94 O. L. 305 and 95 O. L. 609 (Rev. Stat. 3897a et seq., Lan. 6388 et seq.).

A doubt has been suggested by one member of the court as to whether this controversy in its present form was properly submitted as an agreed case. Although the parties have agreed to submit their question to the jurisdiction of this court in this manner, it may be that the court's conclusion cannot be effective in a proceeding of this kind.

If Professor Venable is entitled to a pension, we do not think a money judgment could be entered against these trustees, either in their individual or trust capacities. The remedy to be afforded must be in the nature of an order granting a peremptory writ of mandamus, because if these trustees, being officers chosen and empowered according to law, should pay this sum of money, it would be an act which the law specially enjoins as resulting from an office, trust, or station, and such a writ can only issue at the behest of the sovereign or at least in an action to which the sovereign state is a party.

On the other hand, it has been suggested that an action of this kind is not particularly adversary in its character, but one in which the trustees might be looked on as petitioners coming into a court of equity and asking the chancellor to construe and advise as to the terms of their trust. Be that as it may, the parties have invoked the jurisdiction of this court, and this question not being raised by them, we are willing to waive the same and endeavor to answer the questions properly propounded by the agreed case. As provided in 94 O. L. 305 (Rev. Stat. 3897d; Lan. 6391):

"Said board of education of said city district and said union board or other separate board having the control and management of the high schools of said city district shall each of them have power by a majority vote of all the members composing said board to retire on account of physical or mental disability any male or female teacher under such board who shall have taught for a period aggregating twenty (20) years, whether before or after, or partly before or after the passage of this act; provided, however, that three-fifths of said period of service shall have been rendered by said beneficiary in the public schools or

### Hamilton County.

the high schools of said city district, or in the public schools or high schools of the county in which said city district is located.''

The question here arises, whether or not Professor Venable's long service in the various schools constitutes teaching for a period aggregating twenty years within this provision. It is claimed that as the whole object of this act is to provide a pension fund for teachers in the public schools, Professor Venable's service in the schools not supported in whole or in part by public taxation, cannot be reckoned in computing these twenty years. The wording of the act does not call for such a construction. 'Further, Rev. Stat. 3897*d* (Lan. 6391), provides:

''The term 'teacher' under this act, shall include all teachers regularly employed by either of said boards in the day schools, including the superintendent of schools, all superintendents of instruction, principals, and special teachers, and in the estimation of years of service, only service in public day schools or day high schools * * * shall be considered.''

It is contended that this sentence inserted in 95 O. L. 609 is interpretative and sheds light upon the meaning of the word in 94 O. L. 305. The contrary conclusion would be required by the usual canons of statutory construction. It is apparent that when the legislature meant to give a restricted meaning to the word ''teacher,'' it knew perfectly well how to do so, as it expressly did in the act of a year later. When it did not enact the restricted definition, the word should be given its broader significance. The intention of the legislature in passing 94 O. L. 305 is to be deduced from that which it said. The law does not concern itself with an unexpressed intention or an intention which there has been no effort to express.

Resolving this question in favor of Professor Venable, we then come to the question, whether or not three-fifths of said period of service was rendered by him in the public schools or high schools of the city of Cincinnati. It appears that he was appointed on June 13, 1889, and served continuously until June, 1900; that for the next succeeding year, 1900-1, he was granted a leave of absence on account of ill health, during which year his son substituted for him, receiving a salary as substitute but contributed nothing toward the pension fund. Did Professor Venable, using the words of the act, render services for twelve years? We think not. The law does not provide for a period upon the teacher's roll of Cincinnati, but for the period of twelve years of actual service. We, therefore, are of opinion that Professor Venable is not within the provisions of 94·O. L. 305.

We are further of the opinion that 94 O. L. 305, was unconstitu-

tional and void, as being in contravention of Sec. 2, Art. 12 of the constitution. *State* v. *Hubbard*, 12 Circ. Dec. 87 (22 R. 252):

"Such act in providing that one per cent of the salaries paid to teachers shall be deducted therefrom and applied to create a school teachers' pension fund, also violates Sec. 2, Art. 12 constitution of Ohio, providing for a uniform taxation of property, and also the bill of rights, in the taking of the private property from one citizen for the benefit of another without his consent, and against his will."

It appears that this defect in 94 O. L. 305 was removed by a provision in 95 O. L. 609 (Rev. Stat. 3897c; Lan. 6390), which reads:

"All teachers hereafter appointed in said public schools, or high schools, if any, in said school district, shall be notified within thirty days after their appointment by the clerk of such board of education of the election of said board of trustees of said school teachers' pension fund, and they shall be required to notify said board of education within six months thereafter whether they consent or decline to accept the provisions of this act."

It does not appear that Professor Venable ever took any action to avail himself and bring himself within the provisions of the act of 1902. However, under 94 O. L. 305, there was raised a fund, we are informed, aggregating approximately $30,000, which passed and was paid over to the pension trustees chosen under 95 O. L. 609. The mere fact that the law creating this fund was unconstitutional does not deprive Professor Venable of any interest he may have therein, or deprive him of his right to recover whatever contribution he may have made to the creation of said fund, for it is said that Professor Venable's salary was charged the usual amount and the charge was paid into this fund.

To the extent that any of Professor Venable's money was paid into this fund, he had an equitable interest therein, which must be preserved to him.

We do not think that the pension scheme provided for by the unconstitutional law of 1900 can be enforced in detail, and we do not understand that Professor Venable has in any way brought himself within the provisions of the law of 1902, and the trustees in accepting said fund, accept it charged with equitable interests.

We therefore conclude that Professor Venable is entitled to all the money he has paid into the pension fund with interest, but that the trustees of said fund are not required to and may not pay him a regular pension.

**Swing** and **Giffen, JJ.,** concur.